# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2011

Lyle W. Cayce
Clerk

No. 10-50440
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM ALLEN GINN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-259-1

Before REAVLEY, DENNIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William Allen Ginn appeals the 48-month sentence imposed following his guilty plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Ginn argues that the district court erred in applying, over his objection, a four-level enhancement for possession of the firearm in connection with another felony, pursuant to U.S.S.G. § 2K2.1(b)(6).

We review the sentence for an abuse of discretion and must determine whether the district court committed any significant procedural errors, such as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

improperly calculating the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). In doing so, we review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Delgado-Martinez*, 564 F.3d 750, 751 (5th Cir. 2009).

Section § 2K2.1(b)(6) provides that the base offense level for a firearms offense should be increased by four levels "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." For this enhancement to be applied, the Government needed to establish by a preponderance of the evidence, inter alia, that Ginn committed another felony offense. *See United States v. Anderson*, 559 F.3d 348, 357 (5th Cir.), *cert. denied*, 129 S. Ct. 2814 (2009).

According to the factual basis and the presentence report, Ginn shot the firearm into the air during an argument with another man. At sentencing, the other man, Brandon Wood, testified that Ginn held the gun at his side during the argument but did not point it at Wood. When Wood suggested that they fight without weapons, Ginn said, "I don't fight. I shoot." Ginn, who was holding the gun in his left hand, then "discharged the weapon to the left . . . up in the air" in an apparent attempt to scare Wood. Ginn then walked away. There was nobody in the direction that Ginn shot the gun and the closest building in that direction was 200 yards away.

The Government argued that this conduct fit best under Texas Penal Code § 22.05, deadly conduct, which is a felony when a person knowingly discharges a firearm at or in the direction of one or more individuals. The district court found "that the probation officer has appropriately added the four points and that the firearm was possessed in connection with the felony under Texas state law as [the Government attorney] just outlined."

The discharge of the firearm at or in the direction of an individual is an element of the offense of deadly conduct under § 22.05(b)(1). *Wheaton v. State*, 129 S.W.3d 267, 272-73 (Tex. App. 2004). There is no evidence in the record that

Ginn discharged the firearm at or in the direction of Wood; indeed, Wood testified that Ginn did not fire the gun at him or in his direction but up and to the left of him. Wood did not testify that he believed that Ginn was shooting at him or in his direction or that the bullet passed close to him. *Contra Phillips v. State*, 2007 WL 2127185, *2-*4 (Tex. App. 2007) (upholding deadly conduct conviction where defendant pointed gun and fired it in direction of another, who testified that the bullet was so close that he heard it "whiz" past him). The district court's finding that Ginn committed the offense of deadly conduct is not plausible in light of the record as a whole and is clearly erroneous. *See United States v. Cooper*, 274 F.3d 230, 238 (5th Cir. 2001). Accordingly, the district court erred in applying the four-level enhancement pursuant to § 2K2.1(b)(6).

The Government has not met its burden of establishing that this error is harmless. *See United States v. Delgado-Martinez,* 564 F.3d 750, 753 (5th Cir. 2009); *cf. United States v. Sarmiento-Funes*, 374 F.3d 336, 344-45 & n.12 (5th Cir. 2004) (declining to address whether an offense that did not qualify as a crime of violence for purposes of § 2L1.2 enhancement nonetheless qualified as an aggravated felony under different subsection, noting that "[i]t is for the district court to resolve in the first instance . . . ."). Accordingly, we VACATE Ginn's sentence and REMAND for resentencing.